ORFINGER, Judge.
Grove Manufacturing Company (Grove) and its insurer appeal from the final judgment awarding compensatory and punitive damages to appellees, following a jury trial. We reverse.
Appellee Paul David Storey (Storey) was injured by an electrical shock which occurred when the boom of a mobile hydraulic crane came into contact with an overhead electrical line. The crane had been manufactured by Grove and sold to American Pre-Cast Company, Storey’s employer, in 1977. Storey was American Pre-Cast’s yard superintendent and at the time of the injury was holding and guiding a load of manhole covers as they were unloaded from a truck by the crane. In the process of unloading the truck, the crane's boom came into contact with power lines which ran along the perimeter of the employer’s property, injuring Storey.
Storey, joined by his wife, sued the manufacturer of the crane, alleging that the crane was defective in design and manufacture because it did not have on it certain safety devices and that the manufacturer was negligent in failing to install these safety devices and in failing to adequately warn operators of depth perception problems which they would encounter when working near power lines. The jury found that the crane was not defective when placed on the market, thus disposing of plaintiffs’ products liability claim. On the negligence claim, the jury found that there was negligence on the part of Grove which was a legal cause of injury to Storey, without specifying the nature of such negligence. We thus examine the record to determine if that finding is supported by competent substantial evidence.
Appellees contend that there is ample evidence of Grove’s failure to adequately warn users of the crane of depth perception problems when working near power lines and that Grove was aware of the problem and of its dangerous consequences. There is no evidence that this accident was caused by a depth perception problem. The crane operator did not testify, nor was there any other evidence as to the cause of the incident in question. Even if we assume that this accident was caused by a depth perception problem of the operator, we find that Grove complied with its legal duty to warn. Warning labels as to the hazards of operations near power lines were affixed on the door and inside the cab of the crane. The manual provided with the crane by the manufacturer advises in extremely large and bold print of the danger of death or serious injury when working near power lines. In both language and diagrams the manual suggests keeping cranes and any extensions or loads even further away from power lines than the minimum distances specified by governmental authorities. The manual also warns that power lines be turned off or that a spotter or signalman be used to warn the operator of the crane when the boom or load approaches a power line. Neither of these safety precautions were taken by the plaintiff, although he was in charge of the operation in the yard where he was injured, and although he was familiar with the dangers involved. The manual also suggests that when working in the vicinity of power lines that the operation be slowed down because “Reaction time may be too slow and distances may be misjudged.” Storey was the yard supervisor and was completely familiar with the property. There were *782 no obstructions to either Storey’s or the crane operator’s view of the power lines and the unloading was conducted without using a spotter or signalman. Storey testified that he was aware of the hazards of crane/power line accidents, because he had witnessed a similar occurrence several years before on a different job.
Although a crane in operation has been held to be inherently dangerous, Geffrey v. Langston Const. Co., 58 So.2d 698 (Fla.1952), and the manufacturer or distributor of an inherently dangerous product owes users the duty to give adequate warning of the inherent danger, Tampa Drug Company v. Wait, 103 So.2d 603 (Fla.1958), we conclude that the warnings given here were adequate to discharge the manufacturer’s duty. We also fail to see how any additional warning would have added anything to the warnings of danger already given or to the plaintiff’s own knowledge of the dangers involved.
We have considered the other issues raised by appellants and those raised by the appellees on cross-appeal, and we find them without merit.
The judgment is reversed, with directions to enter judgment for the appellants.
REVERSED.
COBB, C.J. and COWART, J., concur.